IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

## STATE OF TENNESSEE v. BRODERICK JOSEPH SMITH

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-501       J. Randall Wyatt, Judge**

---

**No. M2009-01427-CCA-R3-CD - Filed January 14, 2011**

---

JOSEPH M. TIPTON, P.J., concurring.

I concur. I write separately to express my concern that the courts could turn the phrase "contextual background evidence" into its own exception under Tennessee Rule of Evidence 404(b). I think "contextual background evidence" is a vague concept that can become too broad, much like "res gestae" was used before the courts attempted to consign that phrase to history because of its vagueness. See Gibbs v. State, 300 S.W.2d 890, 892 (Tenn. 1957); State v. Carpenter, 773 S.W.2d 1, 9 (Tenn. Crim. App. 1989); State v. Kenneth Patterson (Pat) Bondurant and Hugh Peter (Pete) Bondurant, No. 01C01-9501-CC-00023, Giles County (Tenn. Crim. App. May 24, 1996) (Tipton, J., concurring), app. denied (Tenn. Nov. 12, 1996). In State v. Gilliland, 22 S.W.3d 266, 270-73 (Tenn. 2000), the supreme court's analysis regarding background evidence focused on such evidence's relevance to material issues in the case, the need to present the evidence to prevent confusion, and the weighing of its probative value against the danger of unfair prejudice. Each of these three factors must be considered and found before the evidence is admissible.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE